1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

8  TAMMY JOHNSON and VANESSA DETTWILER,
individually and on behalf of all others similarly
9  situated,

10                    Plaintiffs,

11          vs.

12  TRACTOR SUPPLY COMPANY, a Delaware
Corporation,

13

14                    Defendant.

15

Case No.:

**NOTICE OF REMOVAL**

[Filed concurrently with Civil Cover
Sheet; Declarations of Adam T.
Pankratz; Karen S. Austin; Christopher
W. Decker; Ariel Kumpinksy; and
Melissa Williamson]

16          **TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN**

17  **DISTRICT OF WASHINGTON AND TO PLAINTIFFS TAMMY JOHNSON AND**

18  **VANESSA DETTWILER AND THEIR ATTORNEYS OF RECORD:**

19          PLEASE TAKE NOTICE THAT Defendant Tractor Supply Company ("Defendant"), by

20  and through the undersigned counsel, hereby removes the above-entitled action from the

21  Superior Court of the State of Washington for the County of King to the United States District

22  Court for the Western District of Washington pursuant to 28 U.S.C. Sections 1332, 1367,

23  1441(a), 1446, and 1453. In support of such removal, Defendant states as follows:

24  //

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# I. **BACKGROUND**

1. On December 12, 2017, Plaintiffs Tammy Johnson and Vanessa Dettwiler ("Plaintiffs") commenced an action in the United States District Court for the Western District of Washington, *Tammy Johnson & Vanessa Dettwiler v. Tractor Supply Co.*, Case No. 3:17-CV-06039-RJB. A true and correct copy of this Complaint is attached as "Exhibit 1" to the Declaration of Adam T. Pankratz in Support of Defendant's Notice of Removal ("Pankratz Decl."). The action alleged: (1) Violation of 29 U.S.C. § 207; (2) Violations of Wash. Rev. Code § 49.46.130; (3) Violations of Wash. Rev. Code § 49.12.020 and Wash. Admin. Code § 296-126-092; and (4) Violation of Wash. Rev. Code § 49.52.050. (Pankratz Decl. at Ex. 1).

2. After an unsuccessful mediation, Plaintiffs sought leave to dismiss that action voluntarily without prejudice for the declared purpose of re-filing their state law claims in Washington state court. (Case No. 3:17-CV-06039-RJB; Dkt. #27 at ¶11). Leave was granted and the action was dismissed without prejudice on December 26, 2018. (Case No. 3:17-CV-06039-RJB; Dkt. #45). At the time the action was dismissed, trial was set for September 16, 2019. (Case No. 3:17-CV-06039-RJB; Dkt. #23).

3. On January 18, 2019, Plaintiffs Tammy Johnson and Vanessa Dettwiler ("Plaintiffs") commenced the instant action by filing a class action complaint for damages in the Superior Court of the State of Washington, County of King, entitled *Tammy Johnson and Vanessa Dettwiler, individually and on behalf of the Proposed Class v. Tractor Supply Company*, Case No. 19-2-01975-1 KNT (hereinafter referred to as the "Complaint"). A true and correct copy of this Complaint is attached as "Exhibit 2" to the Pankratz Decl.

4. Plaintiffs' Complaint asserts the following three claims for relief against Defendant: (1) Violations of Wash. Rev. Code § 49.12.020 and Wash. Admin. Code § 296-126-092; (2) Violations of Wash. Rev. Code § 49.46.130; and (3) Violation of Wash. Rev. Code §

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

49.52.050. (*Id.* at Ex. 2). These claims, and the allegations supporting them, are substantially identical to the state law claims pleaded in Plaintiffs' earlier federal lawsuit, except that the allegation that Defendant miscalculated Plaintiffs' regular rate of pay has been omitted. (*Compare id.* at Ex. 1 *with id.* at Ex. 2). The named parties in the two cases are identical.

5.      On January 18, 2019, the King County Superior Court filed the Order Setting Civil Case. *Id.* at Ex. 3. A true and correct copy of the Order Setting Civil Case is attached as "Exhibit 3" to the Pankratz Decl. The Order Setting Civil Case sets trial for January 20, 2020. (*Id.*).

6.      Defendant accepted service of the Summons, Complaint, and Case Information Cover Sheet on January 25, 2019. (Pankratz Decl. at ¶5). On January 25, 2019, Plaintiffs filed their Affidavit of Service. (*Id.* at Ex. 4). True and correct copies of the Summons, Case Information Cover Sheet, and Affidavit of Service are attached as "Exhibit 4" to the Pankratz Decl.

7.      On February 5, 2019, the Superior Court Clerk filed a Notice Regarding New Trial Date, setting trial for January 21, 2020. True and correct copies of the Notice Regarding New Trial Date are attached as "Exhibit 5" to the Pankratz Decl.

8.      On February 19, 2019, Plaintiffs filed a Note for Hearing and Motion for Limited Admissions. True and correct copies of the Note for Hearing and Motion for Limited Admissions are attached as "Exhibit 6" to the Pankratz Decl.

9.      Exhibits 2-6 to the Pankratz Decl. constitute all of the process, pleadings, and orders either served upon Defendant or filed in this action. (*Id.* at ¶8). Defendant has not entered or appeared or voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King in any manner. (*Id.*). No further proceedings have been had in the state court as of the date of this Notice. (*Id.*).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

10.    As set out more fully below, based on the allegations of the Complaint and other evidence collected by Defendant, this Court has original jurisdiction over this action under the 28 U.S.C. § 1332, and hence the action may be removed by Defendant pursuant to 28 U.S.C. § 1441.

## II.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

### A.    Timeliness.

11.    In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed within 30 days after the initial service of the Complaint on Defendant which was completed on January 25, 2019. Because the 30th day after service is a Sunday (February 24, 2019), the time for Defendant to remove is extended until the next court day, Monday, February 25, 2019. Fed. R. Civ. Pr. 6(a)(1)(C). Defendant is filing this Notice of Removal on February 25, 2019, therefore, it is timely.

### B.    Venue.

12.    In accordance with 28 U.S.C. §1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of Washington, King County is located within the Western District of Washington. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 128(b) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

### C.    Procedural Requirements.

13.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice of Removal. (*See* Pankratz Decl.).

14.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of

NOTICE OF REMOVAL - 4

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Washington in the County of King and with the Clerk of the Western District of Washington.

True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

### III. THE CASE IS REMOVABLE PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA")

15.    As set forth below, Plaintiffs' claims as alleged in the Complaint are removable under 28 U.S.C. §1332(d) (CAFA).

16.    Under CAFA, the Federal District Court has jurisdiction if:

(a) There are at least 100 class members in all proposed plaintiff classes; and

(b) The combined claims of all class members exceed $5 million exclusive of interest and costs; and

(c) Any class member (named or not) is a citizen of a different state than any defendant. 28 U.S.C. §§ 1332(d), 1453(a).

**A.    There are at Least 100 Class Members in the Proposed Class.**

17.    In this action, Plaintiffs seek to represent a class of all current and former persons: "who have worked in one of Defendant's stores in Washington in a position Defendant classified as non-exempt, at any time between December 12, 2014, and the date of final disposition of this action," which Plaintiffs refer to as the "Class." (Complaint ¶4.1).  Using the present date as the period end date, the putative Class exceeds 100 members (*See* Declaration of Ariel Kumpinsky ("Kumpinsky Decl.") ¶9), and, therefore, the requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

18.    Plaintiffs' assert that there "are hundreds of current or former employees of Defendant in the Class." (Complaint ¶4.2). Based on a review and analysis of Defendant's timekeeping and payroll records, the company has employed at least 1,051 individuals in non-

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

exempt positions in its Washington stores from December 12, 2014 to present.[1] (Kumpinsky Decl. ¶11).[2] Thus, the first requirement for CAFA jurisdiction is satisfied.

19.    Based on the above, there are more than 100 class members in Plaintiffs' proposed Class.

## B.    The Combined Claims of all Class Members Exceed $5 Million, Exclusive of Interest and Costs.

20.    Based on Plaintiffs' allegations in the Complaint and other evidence collected by Defendant, the aggregate value of the claims of all proposed plaintiff classes exceeds the $5 million threshold needed to establish federal jurisdiction under the Class Action Fairness Act. The $5 million jurisdictional minimum may be based on aggregation of the claims of all potential class members. 28 U.S.C. § 1132(d)(6). As is shown below, the evidence shows that Plaintiffs' Complaint places more than $5 million in controversy.

21.    The Complaint does not allege an amount in controversy. A removing defendant properly satisfies its burden by submitting a declaration or affidavit to prove the amount in controversy by the preponderance of the evidence. *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 397 (9th Cir. 2010). A removing defendant "must inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove plaintiff's case for him by proving the actual rates of violation." *Feaov. UFP Riverside, LLC,* No. CV 17-3080 PSG (JPRX), 2017 WL 2836207, at *5 (C.D. Cal. June 29, 2017) (citations omitted). In cases alleging failure to provide meal and/or rest breaks, courts frequently assume a 100% violation rate for

---

[1] Specifically, the date February 17, 2019 is used as the "present date."

[2] Mr. Kumpinsky attests to certain calculations performed on employment and payroll data provided by Defendant. The precise contents of that data set are described in the Declaration of Melissa Williamson, filed concurrently herewith, and the transmission of that data set to Mr. Kumpinsky is confirmed by the Declaration of Christopher W. Decker, also filed concurrently herewith.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

purposes of determining the amount-in-controversy. *See, e.g., See Duberry v. J. Crew Grp., Inc.,* No. 2:14–cv–08810–SVW–MRW, 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015); *Mejia v. DHL Express (USA), Inc.,* No. CV 15-890 GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015); *Lopez v. Aerotek, Inc.,* No. SACV 14–00803–(CJGx), 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015); *Sanchez v. Russell Sigler, Inc.,* No. CV 15–01350–AB (PLAx), 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015).

(a)    **Plaintiffs' Allege Pervasive Meal and Rest Period Violations.**

22.    **Meal Periods.** Plaintiffs allege that "Defendant failed to affirmatively provide her with thirty-minute meal breaks." (Complaint at ¶¶3.1, 3.2). Plaintiffs further allege: (a) "Defendant has engaged in, and continues to engage in, a common course of failing to provide their hourly paid employees in Washington with an uninterrupted, thirty-minute meal break for every five hours of work and requiring or permitting their hourly paid employees to work more than five consecutive hours without a meal break;" (b) "Plaintiffs and Class members regularly are unable to take the full, thirty-minute meal breaks to which they are entitled because of how busy Defendant's stores are;" (b) "Plaintiffs and Class members often only eat while on-the-go to ensure they can complete all their necessary work;" (c) "hourly paid employees in Washington do not receive uninterrupted, thirty-minute meal breaks for every five hours of work and are required or permitted to work more than five consecutive hours without a meal break." (*Id.* at ¶5.1).

23.    **Rest Periods.** Plaintiffs allege that "Defendant failed to affirmatively provide Plaintiff Johnson with paid ten-minute rest breaks for every four hours of work and regularly required her to work more than three consecutive hours without a rest break." (Complaint at ¶¶3.1, 3.2). Plaintiffs further allege: (a) "Defendant has engaged in, and continues to engage in, a common course of failing to provide paid rest breaks to their hourly paid employees in

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Washington;" (b) "Defendant does not provide hourly paid employees ten-minute rest breaks for every four hours of work; it requires hourly paid employees to work more than three consecutive hours without a rest break; and it does not provide ten minutes of additional pay for each rest break employees miss;" (c) "Defendant's hourly paid employees in Washington do not have time to take rest breaks because of the volume of their work, and Defendant has no system in place to relieve employees during busy periods in order for the employees to take rest breaks;" and (d) "Defendant has had actual or constructive knowledge of the fact that hourly paid employees do not receive ten-minute rest breaks for every four hours of work, must work more than three consecutive hours without a rest break, and do not receive ten minutes of additional pay for each rest break they miss." (*Id.* at ¶5.2).

24.    Plaintiffs also allege that Defendant's meal and rest period policies and procedures, in themselves, are violations of Washington Law. (*Id.* at ¶¶6.6, 6.7).

25.    Meal and rest period violations are sought as wages under the MWA. *See, e.g., Wingert v. Yellow Freight Sys., Inc.,* 146 Wash. 2d 841, 850, 50 P.3d 256, 261 (2002) (explaining that Wash. Admin. Code § 296-126-092 give rise to a cause of action for unpaid wages); *Washington State Nurses Ass'n v. Sacred Heart Med. Ctr.,* 175 Wash. 2d 822, 832, 287 P.3d 516, 520 n.1 (2012) (applying *Wingert* and explaining that the IWA and MWA "often work in concert").

26.    Accordingly, if the allegations of the Complaint are true, Defendant owes the Class 10 minutes of wages for each rest period violation and 30 minutes of wages for each meal period violation. Those additional wages would be paid to the putative Class Members at their overtime rate if, when including the additional minutes, the class member worked more than 40 hours in that workweek. *See Washington State Nurses Ass'n,* 175 Wash. 2d at 833.

27.    Plaintiffs further allege that they are entitled to treble wages. (*Id.* at ¶8.6) ("As a

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

result of the willful and unlawful acts of Defendant, Plaintiff and the putative Class have been deprived of wages in amounts to be determined at trial, and pursuant to RCW 49.52.070, Plaintiff and the putative Class are entitled to an *additional* recovery of twice the amount of such wages, as well as attorneys' fees and costs.") (emphasis added).[3] Accepting Plaintiffs' legal theories as meritorious, Defendant would owe the putative Class treble wages for each violation plus attorneys' fees. (*Id.*). Plaintiff alleges that Defendant owes such treble wages for violations between December 12, 2014 through final disposition of this case. (Complaint ¶4.1). [4]

28.    Given Plaintiffs' allegations and Washington law, assuming a 100% violation rate is appropriate. If Plaintiffs' allegations are true, it would establish a "universal" violation under Washington law. *See Pellino v. Brink's Inc.,* 164 Wash. App. 668, 681, 267 P.3d 383, 391 (2011). In *Pellino,* the Court of Appeals affirmed summary judgment against an employer whose policies and practices unlawfully required employees to engage in constant mental exertion during their breaks. *Id.* at 685-86, 267 P.3d at 393-94. The court further found that the policies and practices resulted in universal or near-universal violations. *See id.* at 681, 267 P.3d at 391 (agreeing with the trial court's conclusion that employees were denied compliant breaks "almost all the time"); *see also Hill v. Garda CL Nw., Inc.,* 198 Wash. App. 326, 358, 394 P.3d 390, 407, *rev'd on other grounds*, 191 Wash. 2d 553, 424 P.3d 207 (2018) (affirming trial court's grant of summary judgment on liability for all breaks because there was a "policy against taking true breaks"); *Wash. Dep't of Labor & Indus., Admin. Policy ES.C.6.1 § 12, at 4-5 (rev. Dec. 1,*

---

[3] Defendant disputes that Washington law permits treble recovery. *See* Wash. Rev. Code § 49.52.070.

[4] Defendant disputes Plaintiffs' calculation of the statute of limitations. The applicable statute of limitations for unpaid wage claims is three years. *Seattle Prof'l Eng'g Emps. Ass'n v. Boeing Co.,* 139 Wash.2d 824, 837-38, 991 P.2d 1126 (2000). Plaintiffs filed their action on January 18, 2019. Thus, the period of recovery is January 18, 2016 through disposition of the matter.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

*2017),* at 4-5 (advising that if the employee's 10-minute break requires "constant mental exertion," then it is a violation even though the employee received the allotted time); *see also Lopez Demetrio v. Sakuma Bros. Farms*, 183 Wash. 2d 649, 658, 355 P.3d 258, 263 (2015) ("workplace culture" that encourages employees to skip breaks results in violations).

29.     In this case, Plaintiffs allege that they and the putative Class could not take timely uninterrupted meal and rest breaks because of the busyness of Defendant's stores, the amount of necessary work, the lack of system in place to relieve employees, and because Defendant either required employees to violate Wash. Admin. Code § 296-126-092 or permitted employees to violate the regulation. (Complaint at ¶¶5.1-5.2). Nowhere in the Complaint do Plaintiffs concede that they or any putative class member received a compliant meal or rest break, even on occasion. To the contrary, Plaintiffs describe Defendant's practices as "*a common course* of failing to provide their hourly paid employees in Washington with an uninterrupted, thirty-minute meal break for every five hours of work and requiring or permitting their hourly paid employees to work more than five consecutive hours without a meal break." (Complaint at ¶5.1). Plaintiffs allege that "Plaintiffs and Class members *regularly* are unable to take the full, thirty-minute meal breaks to which they are entitled," (*Id.* at ¶5.1.1), and "often eat only while on-the-go," (*Id.* at ¶5.1.2). Plaintiff similarly alleges a "common course of failing to provide paid rest breaks." (Complaint at ¶5.2).

30.     In sum, Plaintiffs allege pervasive "common course" violations and further allege that Defendant's meal and rest period policies and procedures, in themselves, are violations of Washington Law. (*Id.* at ¶¶6.6, 6.7). Given Plaintiffs' allegations and Washington law (which permits finding universal violations), assuming a 100% violation rate is appropriate for purposes of calculating the amount-in-controversy at the time of removal.

//

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**(b)      Plaintiffs' Cause of Action for Failure to Provide Meal Periods Places at Least $3,686,627 in Controversy.**

31.      Plaintiffs' seek treble wages for Defendant's alleged failure to provide meal periods as provided by law. (Complaint ¶¶5.1, 6.1-8.6).

32.      Defendant denies that it failed to provide meal periods to Plaintiffs and the putative Class. However, Defendant is able to calculate the number of potential meal period violations for the putative class if Plaintiffs' allegations are true. (Kumpinsky Decl." at ¶7-9).[5] Based on Plaintiffs' allegations in the Complaint and other evidence collected by Defendant, Plaintiffs and the putative Class place at least $1,228,875.73 in controversy (prior to alleged wage multipliers) relating to purported meal period violations. (*Id.* at ¶10). Mr. Kumpinsky's methodology is as follows:

a.  Mr. Kumpinsky analyzed the business Records of TSC to calculate the elapsed time between each pair of time punches for each day, the total elapsed time between all pairs of punches for each workday, and the total elapsed time between all pairs of time punches for each workweek. (*Id.* at ¶7).

b.  Mr. Kumpinsky then calculated each putative Class member's applicable hourly rate of pay for each workweek from the information provided regarding his or her earnings. (*Id.*).

c.  Based on the above, Mr. Kumpinksy's then calculated 30 minutes of wages for every five hours[6] of work in a workday (to account for the meal period

---

[5] Mr. Kumpinsky attests to certain calculations performed on employment and payroll data provided by Defendant. The precise contents of that data set are described in the Declaration of Melissa Williamson, filed concurrently herewith, and the transmission of that data set to Mr. Kumpinsky is confirmed by the Declaration of Christopher W. Decker, also filed concurrently herewith.

[6] "No employee shall be required to work more than five consecutive hours without a

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

which was not provided) for each putative Class member. (*Id.* at ¶8).

d.  Mr. Kumpinsky calculated the wages based on the employee's hourly base hourly rate in effect at the time the hours were worked, and Mr. Kumpinsky further added the appropriate overtime premium for any minutes which, when added to the hours the employee had recorded for the workweek, exceeded forty hours in the workweek. (*Id.*).

e.  Mr. Kumpinsky's calculations were based on timekeeping records for Washington employees between December 12, 2014 and February 17, 2019, inclusive, and earnings information for Washington employees between December 6, 2014 and February 9, 2019 inclusive. (*Id.* at ¶9).

f.  Using the methodology described above, the results were as follows: the Washington employees, collectively, would be owed $1,228,875.73 in unpaid wages for the period December 12, 2014 through February 17, 2019 if they received no legally-compliant meal periods during that period. (*Id.* at ¶10).

33.    As stated above, Plaintiffs allege treble wages. (Complaint ¶¶5.2, 6.1-8.6). Based on Mr. Kumpinsky's $1,228,875.73 meal wage calculation, Defendants are alleged to owe $3,686,627.19 when including the alleged treble wages multiplier.

**(c)    Plaintiffs' Cause of Action for Failure to Provide Rest Periods Places at Least $1,882,494.78 in Controversy.**

34.    Plaintiffs' seek treble wages for Defendant's alleged failure to provide rest periods as provided by law. (Complaint ¶¶5.2, 6.1-8.6).

35.    Defendant denies that it failed to provide rest periods to Plaintiffs and the putative Class. However, Defendant is able to calculate the number of potential rest period violations for

meal period." Wash. Admin. Code § 296-126-0092(2).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

the putative class if Plaintiffs' allegations are true. (Kumpinsky Decl." at ¶7-9).[7] Based on Plaintiffs' allegations in the Complaint and other evidence collected by Defendant, Plaintiffs and the putative Class place at least $627,498.26 in controversy (prior to alleged wage multipliers) relating to purported rest period violations. *Id.* Mr. Kumpinsky's methodology is as follows:

    a. Mr. Kumpinsky analyzed the business Records of TSC to calculate the elapsed time between each pair of time punches for each day, the total elapsed time between all pairs of punches for each workday, and the total elapsed time between all pairs of time punches for each workweek. (*Id.* at ¶7).

    b. Mr. Kumpinsky then calculated each putative Class member's applicable hourly rate of pay for each workweek from the information provided regarding his or her earnings. (*Id.*).

    c. Based on the above, Mr. Kumpinksy's then calculated ten minutes of wages owed for every four hours[8] of work in a workday (to account for the rest break which was not provided) for each putative Class member. (*Id.* at ¶8).

    d. Mr. Kumpinsky calculated the wages based on the employee's hourly base hourly rate in effect at the time the hours were worked, and Mr. Kumpinsky further added the appropriate overtime premium for any minutes which, when added to the hours the employee had recorded for the workweek, exceeded forty hours in the workweek. (*Id.*).

[7] Mr. Kumpinsky attests to certain calculations performed on employment and payroll data provided by Defendant. The precise contents of that data set are described in the Declaration of Melissa Williamson, filed concurrently herewith, and the transmission of that data set to Mr. Kumpinsky is confirmed by the Declaration of Christopher W. Decker, also filed concurrently herewith.

[8] "No employee shall be required to work more than five consecutive hours without a meal period." Wash. Admin. Code § 296-126-0092(2).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

e.  Mr. Kumpinsky's calculations were based on timekeeping records for Washington employees between December 12, 2014 and February 17, 2019, inclusive, and earnings information for Washington employees between December 6, 2014 and February 9, 2019 inclusive. (*Id.* at ¶9).

f.  Using the methodology described above, the results were as follows: the Washington employees, collectively, would be owed $627,498.26 in unpaid wages for the period December 12, 2014 through February 17, 2019 if they received no legally-compliant rest periods during that period. (*Id.* at ¶10).

36.  As stated above, Plaintiffs allege treble wages. (Complaint ¶¶5.2, 6.1-8.6). Based on Mr. Kumpinksy's $627,498.26 rest wage calculation, Defendants are alleged to owe $1,882,494.78 when including the alleged treble wages multiplier.

(c)  **Plaintiffs' Prayer for Attorneys' Fees Places an Additional $1,392,280.49 in Controversy.**

37.  Plaintiff seeks attorneys' fees on behalf of the putative class. (Complaint, Prayer for Relief). Attorneys' fees are properly included in the amount in controversy. *See, Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes); *see also Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may properly be included in calculation of the amount of controversy where an underlying statute authorizes an award of attorneys' fees).

38.  In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. *See, e.g., Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *In re Activision Securities Litigation*, 723 F. Supp. 1373,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%). Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy. *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.,* No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.,* No. 11-CV-5500 YGR, 2012 WL 699465, at *6-7 (N.D. Cal. Mar. 1, 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'") (citation omitted).

39.    Additionally, the Ninth Circuit has recently confirmed that future attorneys' fees must be included in an amount in controversy calculation under CAFA. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 889 F.3d 785, 794 (9th Cir. 2018). Accordingly, assuming the low-end 25% figure reflected in the case law, a reasonable and conservative assumption for purposes of establishing the amount-in-controversy, attorneys' fees in this matter would amount to at least 25% of the unpaid wages and penalties sought, which, as detailed above, amount to $5,569,121.97 [$3,686,627.19 + $1,882,494.78 = $5,569,121.97]. Plaintiff's prayer for attorney's fees therefore adds at least $1,392.280.49 (25% of $5,569,121.97) to the amount-in-controversy. This brings the total amount-in-controversy to $6,961,402.46 ($5,569,121.97 + $1,392.280.49), exceeding the $5 million threshold needed to establish federal jurisdiction under the Class Action Fairness Act.

//

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

**C.     Any Class Member is a Citizen of a Different State than Any Defendant.**

2       40.     For purposes of establishing diversity under CAFA, this Court need only find that

3   there is diversity between one putative class member and the named Defendant, Tractor Supply

4   Company. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

5       41.     For diversity purposes, an individual is a "citizen" of the state in which she is

6   domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). An

7   individual's domicile is the place he resides with the intention to remain or to which he intends to

8   return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

9       42.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of

10  any State by which it has been incorporated and of the State where it has its principal place of

11  business." The United States Supreme Court established the proper test for determining a

12  corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz*

13  *Corporation v. Friend,* 559 U.S. 77 (2010). The Supreme Court concluded that the "'principal

14  place of business' is best read as referring to the place where a corporation's officers direct,

15  control, and coordinate the corporation's activities." *Id.* at 92-93. The Court further clarified that

16  the principal place of business is the place where the corporation "maintains its headquarters —

17  provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

18                  **(a)     Plaintiffs are Citizens of Washington.**

19      43.     The Complaint alleges that Plaintiffs Tammy Johnson and Vanessa Dettwiler are

20  each citizens of Washington State. (Complaint ¶¶3.1, 3.2). Accordingly, Plaintiffs are citizens of

21  the State of Washington for purposes of this removal.

22                  **(b)     Defendant is a Citizen of Delaware and Tennessee.**

23      44.     Defendant was at the time of the filing of this action, and still is, incorporated

24  under the laws of the State of Delaware. (*See* Declaration of Karen S. Austin ("Austin Decl.") at

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

¶3). Further, Defendant's principal place of business and the location that its officers direct, control, and coordinate its corporate activities is Brentwood, Tennessee. (*See id.* at ¶¶3-5). Therefore, at all material times, Defendant has been a citizen of the State of Delaware and the State of Tennessee, and not a citizen of the State of Washington, as it is neither incorporated in Washington nor does it maintain its principal place of business in Washington.

45.    There are no other named defendants in this action. Accordingly, there is no requirement for anyone else to join in this removal.

46.    Since Plaintiffs and Defendant are citizens of different states, the third requirement of CAFA jurisdiction is satisfied. Moreover, because Defendant is not a citizen of Washington, the exceptions to CAFA jurisdiction under 28 U.S.C. § 1332(d)(3) and (d)(4) are inapplicable.

## III. THE COURT HAS SUPPLEMENTAL JURSIDCTION OVER THE REMAINING CLAIMS

47.    As set forth above, this action is removable under 28 U.S.C. § 1332(d).

48.    If there is original jurisdiction over one named plaintiff, then supplemental jurisdiction attaches to all other plaintiffs' claims. *Exxon Mobil Corp. v. Allapattah Servs*., 545 U.S. 546, 549, 550-51; 28 U.S.C. § 1367(a). Section 1367(a) provides that "in any civil action of which the district courts shall have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

49.    In this case, the Court has original jurisdiction over each of Plaintiffs' claims. To the extent, however, that Plaintiffs argue that their wage claim is limited to one of the interrelated claims (*see Washington State Nurses Ass'n,* 175 Wash. 2d at 832 (industrial welfare regulations and wage statute "often work in concert")), the Court nonetheless has supplemental jurisdiction

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

over remaining claims, as Plaintiffs have alleged a "common course" of conduct which led to the alleged meal and rest break violations, *i.e.* the same case or controversy. The Court may exercise supplemental jurisdiction over such a claim pursuant to 28 U.S.C. § 1367.

## V.    <u>CONCLUSION</u>

50.    This Court, therefore, has original jurisdiction over Plaintiffs' claims by virtue of the Class Action Fairness Act 28 U.S.C. § 1332(d)(2). This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441.

51.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have the opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes this action to this Court.

Respectfully submitted this 25th day of February, 2019 by:

By:  /s/ Adam T. Pankratz

By:  /s/ Kyle D. Nelson

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Adam T. Pankratz, WSBA #50951
adam.pankratz@ogletree.com
Kyle D. Nelson, WSBA #49981
kyle.nelson@ogletree.com
1201 Third Avenue, Ste. 5150
Seattle, WA 98101
T: 206-693-7057
F: 206-693-7058
**Attorneys for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of February 2019, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the below counsel of record for the Parties in the above-captioned litigation.

Marc C. Cote                                 Michael Malk
Michael C. Subit                             Michael Malk, Esq., APC
Frank Freed Subit & Thomas, LLP              1180 S Beverly Drive, Suite 302
705 Second Avenue, Suite 1200                Los Angeles, CA 90035
Seattle, WA 98104                            T: (310) 203-0016
T: (206) 682-6711                            F: (310) 499-5210
F: (206) 682-0401                            mm@malklawfirm.com
mcote@frankfreed.com
msubit@frankfreed.com

Attorneys for Plaintiff                      Attorney for Plaintiff


                                            s/*Marissa Lock*
                                            Marissa Lock
                                            Practice Assistant

                                                            34371955.4

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058