# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

TAMMY JOHNSON and VANESSA DETTWILER, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

TRACTOR SUPPLY COMPANY, a Delaware Corporation,

    Defendant.

CASE NO. 19-cv-0270

ORDER ON PLAINTIFFS' MOTION FOR REMAND AND DEFENDANT'S MOTION TO DISMISS TIME-BARRED CLAIMS

THIS MATTER comes before the Court on Plaintiffs' Motion for Remand (Dkt. 26) and Defendant Tractor Supply Company's (referred to elsewhere in the record as "TSC") Motion to Dismiss Time-barred Claims Pursuant to Fed. R. Civ. Pr. 12(b)(6) ("Motion to Dismiss Time-barred Claims") (Dkt. 16). The Court has considered the motions and the remaining file. Because Defendant has not shown that the amount in controversy is over $5,000,000, the Court should remand this case to King County Superior Court.

ORDER ON PLAINTIFFS' MOTION FOR REMAND AND DEFENDANT'S MOTION TO DISMISS TIME-BARRED CLAIMS - 1

# I. BACKGROUND

On December 12, 2017, Plaintiffs commenced a prior action with this Court, *Johnson & Dettwiler v. Tractor Supply Co.,* Case No. 17-6039 ("*Johnson I*").[1] Dkt. 1, at 2. "After an unsuccessful mediation, Plaintiffs sought leave to dismiss that action voluntarily without prejudice for the declared purpose of re-filing their state laws claims in Washington state court. [] Leave was granted and the action was dismissed without prejudice on December 26, 2018." Dkt. 1, at 2.

On January 18, 2019, Plaintiffs commenced the instant action in King County Superior Court, *Johnson, et al. v. Tractor Supply Co.,* Case No. 19-2-01975-1 KNT. Dkt. 1, at 2. On February 25, 2019, Defendant removed the case from King County Superior Court. Dkt. 1.

Plaintiffs brought this case as a class action for "[a]ll individuals who have worked in one of Defendant's stores in Washington in a position Defendant classified as non-exempt, at any time between December 12, 2014, and the date of final disposition of this action." Dkt. 1-2, at 3.

---

[1] Defendant, pursuant to Fed. R. Evid. 201(b), asks "the Court to take judicial notice of the pleadings, documents, orders, and other papers filed in" *Johnson I*. Dkt, 37. Additionally, "Defendant asks the Court to take judicial notice of the allegations, claims asserted, fee requests, and subsequent attorney fee awards in the following Washington class actions:"

1. *Pellino v. Brink's Incorporated et al.,* King County Superior Court of Washington, Case No. 07-2-13469-7-SEA.
2. *Chavez et al., v. IBP, Inc., et al.,* United States District Court, Eastern District of Washington Case No. 01-5093-EFS.
3. *Perez-Farais et al., v. Global Horizons, Inc. et al.,* United States District Court Eastern District of Washington Case No. 05-cv-3061-FVS.
4. *Hill et al., v. Garda CL Northwest, Inc.,* King County Superior Court of Washington, Case No. 09-2-07360-1SEA.

Dkt. 37, at 2–3.

The Court has taken judicial notice as requested by Defendant.

Plaintiffs allege that Defendant is "engaging in a systematic scheme of wage and hour violations." Dkt. 1-2, at 1. Plaintiffs assert three claims against Defendant: Violations of (1) RCW 49.12.020 and WAC 296-126-092 (failure to provide proper rest and meal periods); (2) RCW 49.46.130 (failure to pay proper overtime wages); and (3) RCW 49.52.050 (willful refusal to pay wages). Dkt. 1, at 2–3. These claims are similar to the state law claims in *Johnson I*, except that, in *Johnson I*, Plaintiffs also claimed that Defendant miscalculated Plaintiffs' pay under 29 U.S.C. § 207. Dkt. 1, at 3.

In its Notice of Removal, Defendant asserts that "Plaintiffs' claims as alleged in the Complaint are removable under [the Class Action Fairness Act, codified as] 28 U.S.C. § 1332(d)." Dkt. 1, at 5. Defendant argues that removal is appropriate under the Class Action Fairness Act ("CAFA"), in part, because "the combined claims of all Class Members exceed $5 million, exclusive of interest and costs." Dkt. 1, at 6.

Plaintiffs' complaint does not allege a specific amount in controversy. *See* Dkt. 1-2, at 9; *see also* Dkt. 1, at 6. Nevertheless, Defendant asserts that, "[b]ased on Plaintiffs' allegations in the Complaint and other evidence collected by Defendant, the aggregate value of the claims of all proposed plaintiff classes exceeds the $5 million threshold needed to establish federal jurisdiction under [the CAFA]."

In its calculation of the amount in controversy, Defendant apparently assumes a 100% violation rate, applies treble damages, and adds an estimate of Plaintiffs' request for attorney's fees as 25% of the unpaid wages and penalties sought. Dkt. 1, at 11–15. In its Notice of Removal, Defendant's calculation of the amount in controversy appears as follows:

- $1,228,875.73 for failure to provide meal periods; trebled to **$3,686,627**;
- $627,498.26 for failure to provide rest periods; trebled to **$1,882,494.78**; and

- **$1,392,280.49** for attorney's fees.
- **Total: $6,961,402.27** ($5,569,121.97 (unpaid wages and penalties) + $1,392.280.49 (fees))

Dkt. 1, at 11–15.

On March 27, 2019, Plaintiffs filed the instant Motion for Remand. Dkt. 26. Plaintiffs argue:

> TSC's amount in controversy calculation depends on three fundamental errors:
>
> (1) TSC used a 100% violation rate for meal and rest breaks. TSC's own timekeeping data show the meal break violation rate for Class members during the Class period was only about 30%. []
>
> (2) TSC assumed Plaintiffs and the Class could obtain treble wage damages if they prevailed even though Washington law legally entitles them to recover at most only double their lost wages; and
>
> (3) TSC *added* a 25% attorneys' fee on top of the Class's potential recovery despite the well-established law that common fund percentage fees *come out* of the total recovery.
>
> []
>
> The true amount in controversy here is far less than $5 million.

Dkt. 26, at 3 (emphasis in original).

Defendant argues that Plaintiffs claimed, including in mediation letters stemming from *Johnson I*, that the amount in controversy would exceed $5,000,000 and that treble damages would apply. Dkt. 34. Plaintiffs argue that their initial settlement offer in *Johnson I* was $4.5 million. Dkt. 38, at 9. Additionally, Plaintiffs argue that the damages from their *Johnson I* overtime wages claim, which is apparently not being claimed in the instant case, constituted over 40% of the damages claimed in *Johnson I*. Dkt. 38, at 9.

ORDER ON PLAINTIFFS' MOTION FOR REMAND AND DEFENDANT'S MOTION TO DISMISS TIME-BARRED CLAIMS - 4

On April 15, 2019, Defendant filed a response in opposition to Plaintiffs' Motion for Remand. Dkt. 34. On April 26, 2019, Plaintiffs replied in support of its Motion for Remand. Dkt. 38.

In the discussion below, the Court first discusses Plaintiffs' Motion for Remand. Second, the Court discusses Plaintiffs' request for attorney's fees. Third, the Court briefly discusses Defendant's Motion to Dismiss Time-barred Claims.

## II. DISCUSSION

### A. Motion for Remand

Plaintiffs' Motion to Remand (Dkt. 26) should be granted because Defendant has not shown that the jurisdictional amount has been met.

1. Legal Standard for Removal: Preponderance of the Evidence

> As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with "original jurisdiction of any civil action in which, inter alia, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant.

*Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)), *overruled on other grounds by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977–78 (9th Cir. 2013).

The removing defendant bears the burden of establishing any applicable amount in controversy requirement. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). The removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *Id.* at 683. In a class action, attorney's fees are included in the amount in controversy. *Lowdermilk*, 479 F.3d at 1000 (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942–43 (9th Cir. 2001)).

A "strong presumption" exists against federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). If there is any doubt as to the existence of federal jurisdiction, the court should remand the matter to state court. *Id.* The presumption against removal jurisdiction applies with particular force to defendant's arguments that the complaint frames an amount in controversy that exceeds the jurisdictional minimum. *Id.*

Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). The court may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested as of the time of removal. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

2. Removal Analysis

At issue is whether the amount in controversy, exclusive of interest and costs, exceeds $5,000,000. There are three issues regarding the amount in controversy and how it should be calculated: (1) whether attorney's fees should be included in the amount in controversy; (2) whether unpaid wages and penalties should be trebled; and (3) whether a 100% violation rate is appropriate.

      *i.*    *Whether Attorney's Fees Should Be Included in the Amount in Controversy*

"[A]ttorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018) (citations omitted); *see also Lowdermilk*, 479 F.3d at 1000 (citation omitted). Here, Plaintiffs' claims are subject to a fee-shifting statute. *See* RCW 49.52.070.

Plaintiffs have requested attorney's fees. *See* Dkt. 1, at 14. Washington law governs Washington statutory attorney's fees. *See Mahler v. Szucs*, 165 Wn.2d 398, 430 (1998)

(overruled on other grounds). Washington law dictates that statutory attorney's fees are to be awarded on a lodestar basis. *Id.*

"When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate." *Garcia v. Lifetime Brands, Inc.,* EDCV151924JLSSPX, 2016 WL 81473, at *4 (C.D. Cal. Jan. 7, 2016) (citations omitted). The 25% benchmark rate is also used by courts to cross-check award calculations derived from the lodestar method to guard against unreasonable awards. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 945 (9th Cir. 2011).

Therefore, in its calculation of the amount in controversy, it was appropriate for Defendant to include statutory attorney's fees at a reasonable rate of 25% of the amount sought by Plaintiff.

### ii. Whether Unpaid Wages and Penalties Should Be Trebled

> Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

RCW 49.52.070.

Defendant argues that it correctly calculated double damages *in addition to* the lost wages claimed by Plaintiff. *See* Dkt. 34, at 8. Apparently, Plaintiffs had also previously argued for such damages—in effect, treble damages. Dkt. 34, at 9.

However, RCW 49.52.070 makes employers liable for double—not treble—the wages unlawfully withheld:

> Although it can be argued based upon a selected reading of the statutory language that the award of exemplary damages calls for double damages in addition to judgment for wages owed, when reading the statute as a whole we are drawn to the conclusion that the legislature intended a singular judgment for double the wages owed, the doubling thereof to serve as exemplary damages. Had the Legislature intended the result urged by the Department, the statute would have provided for a judgment for wages unlawfully withheld plus a judgment for double that amount as exemplary damages.

*Department of Labor and Industries v. Overnite Transp. Co.*, 67 Wn.App. 24 (1992).

Correctly applying double damages, not treble, the amount in controversy does not exceed $5,000,000, even calculated with a 100% violation rate and 25% attorney's fees added:

- $1,228,875.73 for failure to provide meal periods; doubled to **$2,457,751.46**;
- $627,498.26 for failure to provide rest periods; doubled to **$1,254,996.52**; and
- **$928,186.99** for attorney's fees.
- **Total: $4,640,934.97** ($3,712,747.98 (unpaid wages and penalties) + $928,186.99 (fees)).

   iii.  Whether a 100% Violation Rate is Appropriate

Here, determining the violation rate for calculating the amount in controversy is a close question. However, as discussed above, even when calculated at a 100% violation rate, plus reasonable attorney's fees, the amount in controversy is $4,640,934.97, which is less than the $5,000,000 jurisdictional amount under the CAFA. Therefore, the Court need not reach the issue of what violation rate to apply.

3. Conclusion

The amount in controversy is, more likely than not, no more than $4,640,934.97. Because the amount in controversy is less than the $5,000,000 jurisdictional amount under the CAFA, the Court should grant Plaintiffs' Motion for Remand (Dkt. 26) and remand this case to King County Superior Court.

**B. PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES**

A court may reward reasonable attorney's fees and costs incurred by the party seeking remand. 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

The Court declines to award attorney's fees to Plaintiffs. There was some indicia that the amount in controversy here could exceed $5,000,000, including statements apparently made by Plaintiffs regarding the instant case and *Johnson I*. See § II(A)(2), *supra*. Thus, there appears to have been some objectively reasonable basis for removal.

**C. MOTION TO DISMISS TIME-BARRED CLAIMS**

Because the Court will grant Plaintiffs' Motion for Remand (Dkt. 26), Defendant's Motion to Dismiss Time-barred Claims (Dkt. 16) need not be decided here. Therefore, the Court will not reach the merits of Defendant's Motion to Dismiss Time-barred Claims (Dkt. 16).

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiffs' Motion for Remand (Dkt. 26) is **GRANTED;**
- This case is **REMANDED** to King County Superior Court in the State of Washington; and
- Defendant may renote its Motion to Dismiss Time-barred Claims (Dkt. 16), if it so chooses, for consideration in King County Superior Court upon remand.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of May, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge